UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **JERRY PIRTLE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:16-cv-3047 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Petitioner Jerry Pirtle pleaded guilty in 2008 to distributing 50 or more grams of crack.  He received a sentence of 20 years in prison—the lowest sentence possible after a sentence enhancement that applied because of Pirtle's 1991 state court drug conviction. See 21 U.S.C. §§ 841, 851 (providing for such an enhancement).

Pirtle has now filed a Motion to Vacate Sentence Under 28 U.S.C. § 2255 (d/e 1) and a Motion for Summary Judgment (d/e 3). 28 U.S.C. § 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence.  Relief under Section 2255 is an extraordinary remedy, because a Section 2255 petitioner has already had "an opportunity for full process."  Almonacid v. United

States, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under Section 2255 is therefore "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation omitted).

Pirtle argues that the Court should vacate his sentence and re-sentence him because: (1) his statutory minimum was improperly enhanced by his 1991 state court drug conviction, which he says did not actually constitute a "conviction" for the purposes of a sentence enhancement; and (2) he received ineffective assistance of counsel in connection with the improper sentence enhancement.

The Government urges the Court to deny the motions, arguing that: (1) Pirtle's Section 2255 motion is untimely; (2) Pirtle's claims are procedurally defaulted because he failed to raise the claims on direct appeal; (3) the Seventh Circuit has already ruled that Pirtle is prohibited from challenging his 1991 state court conviction; and (4) Pirtle's argument fails on the merits.

For the reasons below, the Court denies Pirtle's Section 2255 and summary judgment motions.

## I.     Pirtle's Section 2255 motion is untimely.

Typically, a Section 2255 petitioner must file his Section 2255 motion within one year of the date on which his judgment became final.  See 28 U.S.C. § 2255(f)(1).  Pirtle's judgment became final in 2009, when the U.S. Supreme Court denied his petition for certiorari.  Here, Pirtle did not file his Section 2255 motion until 2016—well past the usual one-year deadline.  But Section 2255 provides some exceptions allowing for later filings, and Pirtle argues that either Subsection 2255(f)(2) or Subsection 2255(f)(4) applies to him.

Subsection 2255(f)(2) allows a petitioner to file within one year of the date on which an impediment to making a motion was removed, if the impediment was created by governmental action that violated the Constitution or laws of the United States, and if the impediment prevented the petitioner from filing.  28 U.S.C. § 2255(f)(2).  But this subsection does not apply to Pirtle, as Pirtle has not even alleged that the government illegally created an impediment to his ability to file his motion or that such an impediment was removed less than a year before he filed.

Subsection 2255(f)(4), though, allows a petitioner to file within

one year of the date on which the facts supporting the petitioner's claim could have been discovered through the exercise of due diligence. Here, Pirtle explains that, because "the Bureau of Prisons is not mandated to provide state case law and other state legal materials … obtaining state case law and other state legal materials is extremely difficult" for federal prisoners like Pirtle who are housed outside the state where they were convicted (d/e 1 at 18 of 20). The implication is that Pirtle did not have the ability to discover the case law supporting his claim through due diligence until less than a year before he filed his Section 2255 motion. See Moore v. Knight, 368 F.3d 936, 940 (7th Cir. 2004) ("a due diligence inquiry should take into account that prisoners are limited by their physical confinement").

In Easterwood v. Champion, a habeas petitioner argued that his one-year filing period began only once his prison's library received a copy of the judicial opinion that formed the basis for his claim. 213 F.3d 1321 (10th Cir. 2000). Reversing the district court's denial of the petition, the Tenth Circuit held that the petitioner's required "due diligence" under Section 2255(f)(4) must be considered from the date the opinion at issue became available

in the prison's law library, not from the date the opinion was issued. Id. at 1323. But the judicial opinion at issue in Easterwood had revealed a surprising fact—namely, the fact that the expert witness who had testified that the petitioner was not insane had himself been suffering, at the time of the petitioner's trial, from a severe mental disorder. The opinion therefore provided a "factual predicate" for the petitioner's otherwise untimely claim, and the Tenth Circuit held that the one-year clock did not begin ticking until the opinion arrived in the prison's law library. Id.

Here, by contrast, Pirtle argues that he lacked access to a particular legal theory, not that he lacked access to the existence of any particular fact. Courts have rejected this approach. Tellado v. United States, 799 F.Supp.2d 156, 164 (D. Conn. 2011) ("a legal opinion or theory does not constitute a 'fact' for the purposes of § 2255(f)(4)"); Goldstein v. Laffin, No. 13-1856, 2014 U.S. Dist. LEXIS 84449, *25 n.11 (S.D.N.Y. June 18, 2014) (rejecting petitioner's Easterwood-style argument where book on which petitioner relied was "apparently a general work [that] does not contain specific information relevant to Petitioner's conviction"); see also 28 U.S.C. § 2255(f)(4) (referencing "the date on which the facts supporting the

claim or claims presented could have been discovered through the exercise of due diligence") (emphasis added).

Further, the most recent relevant case Pirtle cites in support of the merits of his motion hails from 2005, meaning the legal theory on which Pirtle's motion relies existed, at a minimum, for two years before Pirtle was even arrested. The Seventh Circuit has explained that even a <u>new</u> legal theory does not constitute a "factual predicate" that can justify an untimely habeas petition. <u>Anou Lo v. Endicott</u>, 506 F.3d 572, 576 (7th Cir. 2007) ("we do not find that a state court decision modifying substantive law constitutes a 'factual predicate' under [the similarly worded] § 2244(d)(1)(D)"). An already <u>existing</u> legal theory, then, cannot justify an otherwise untimely filing either. See <u>Goldstein</u>, 2014 U.S. Dist. LEXIS 84449 at *25 n.11 (rejecting <u>Easterwood</u>-style argument and noting that "the information in the book existed at the time of Petitioner's conviction"). For these reasons, Subsection 2255(f)(4) does not excuse Pirtle's untimely filing.

Section 2255 petitioners like Pirtle can, potentially, evade denial on the basis of untimeliness via the doctrine of equitable tolling. Equitable tolling allows a Court to hear an otherwise

untimely Section 2255 motion if the petitioner can establish that (1) he pursued his rights diligently, and (2) some "extraordinary circumstance" prevented him from filing on time.  Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).  The extraordinary circumstances must have been "far beyond the litigant's control." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000). Courts rarely toll Section 2255's time limits on equitable grounds. Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008); Marcello, 212 F.3d at 1010 ("equitable tolling is granted sparingly").

Here, equitable tolling does not justify allowing Pirtle's untimely filing.  Pirtle has not alleged that he pursued his rights diligently between 2009, when his judgment became final, and 2016, when he filed his Section 2255 motion.  Nor can the circumstances facing Pirtle be described as extraordinary, as the Seventh Circuit has already held that "a prisoner's limited access to the prison law library is not grounds for equitable tolling." Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008).  Even a change in substantive law does not constitute an "extraordinary circumstance" justifying equitable tolling. Anou Lo v. Endicott, 506 F.3d 572, 576 (7th Cir. 2007).  It follows that an already existing

legal theory cannot justify equitable tolling, either.

Pirtle's final argument is that the Court can waive Section 2255's timeliness requirement to avoid a "miscarriage of justice" (d/e 7 at 4-5). Pirtle does not elaborate beyond a citation to Brown v. Caraway, a case that addresses the circumstances under which a federal prisoner may file a petition under 28 U.S.C. § 2241. 719 F.3d 583, 586 (7th Cir. 2013). Because no authority allows the Court to waive Section 2255's timeliness requirements on "miscarriage of justice" grounds, the Court dismisses Pirtle's Section 2255 motion as untimely. Accord Turner v. United States, No. 11-3731, 2012 U.S. Dist. LEXIS 106961, *6 (D. Md. July 31, 2012) (dismissing untimely Section 2255 motion where petitioner did not establish "extraordinary circumstances" and "merely repeat[ed] his [position] that dismissing his 2255 petition would result in a complete miscarriage of justice") (internal quotation omitted); Smith v. United States, No. 13-457, 2014 U.S. Dist. LEXIS 130340, *6 (E.D.N.C. Sept. 17, 2014) (dismissing untimely Section 2255 motion where petitioner "point[ed] to no reason why this Court should find his petition timely other than the generic statement that it would be a 'miscarriage of justice' to not consider the [motion's]

merits"); James v. United States, No. 10-1378, 2011 U.S. Dist. LEXIS 93830, *11 (S.D.W.V. Aug. 19, 2011) (dismissing untimely Section 2255 motion) ("The miscarriage of justice gateway is a mechanism by which procedural default may be excused in extraordinary cases; it is not an end-run around the statute of limitations contained in [the federal habeas statute].") (emphasis in original); Piervinanzi v. United States, 151 F.Supp.2d 266, 270 (S.D.N.Y. 2001) (dismissing Section 2255 motion and rejecting petitioner's argument that "Section 2255 relief is always available where circumstances create a miscarriage of justice") (internal quotation omitted); Desir v. United States, No. 03-084, 2004 U.S. Dist. LEXIS 798, *5 (D.R.I. Jan. 7, 2004) ("In this case there is no need to decide whether [the alleged error constituted] a complete miscarriage of justice because Desir's petition is time barred.") (internal quotation omitted).

II. **The Court need not resolve whether Pirtle's claims are procedurally defaulted because Pirtle's motion is untimely.**

As a general rule, claims not raised on direct appeal may not be raised in a Section 2255 motion unless the petitioner shows cause and prejudice. Massaro v. United States, 538 U.S. 500, 504

(2003). This "procedural default rule" conserves judicial resources and promotes respect for "the law's important interest in the finality of judgments." Id.

The Government argues that Pirtle's claims are procedurally defaulted because he did not raise them when he directly appealed his conviction in 2008. Pirtle responds that, at a minimum, his ineffective assistance of counsel claim is not procedurally defaulted because ineffective assistance claims "need not be exhausted on direct appeal" (d/e 7 at 3). Massaro, 538 U.S. at 509 ("failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255"). Therefore, Pirtle contends, the Court should excuse Pirtle's procedural default on his ineffective assistance of counsel claim. E.g., United States v. Rodriguez, 153 F.Supp.2d 590, 594 (E.D. Pa. 2001) (no procedural default where Section 2255 petitioner claimed ineffective assistance of counsel in relation to allegedly improper sentence enhancement, because assessing ineffective assistance claim on direct appeal would require analyzing facts not in the trial record).

In arguing that at least his ineffective assistance claim is not

procedurally defaulted, Pirtle appears to concede that his central challenge to the sentence enhancement that resulted in a 20-year mandatory minimum sentence is procedurally defaulted. Regardless, the Court declines to resolve whether Pirtle's claims are procedurally defaulted, because (as explained above) the claims are untimely, and because (as explained below) Pirtle is not entitled to relief on the merits of his claims.

### III. Even if Pirtle's motion were timely, Section 851(e) would prevent Pirtle from challenging his 1991 state court conviction.

Section 851(e) precludes a defendant from challenging the validity of a prior conviction used to enhance a sentence if the prior conviction occurred more than five years before being cited as the basis for an enhancement. See United States v. Garrett, 757 F.3d 560, 574 (7th Cir. 2014) ("[defendant] tries to challenge the use of [his 1993] conviction as a basis for increasing his mandatory minimum … by contesting its validity, but section 851[(e)] bars this"); United States v. Vinyard, 539 F.3d 589, 593 (7th Cir. 2008) ("Vinyard's prior conviction was in 1984, and thus it is covered by § 851(e): he was no longer entitled to attack its validity at the time of his sentencing hearing [in 2007].").

Here, Pirtle's 1991 state court conviction occurred more than five years before the Government cited it in 2007 as the basis for a sentence enhancement in Pirtle's federal case, meaning that Section 851(e) precluded Pirtle at sentencing from challenging the state conviction's validity. Indeed, the Seventh Circuit held as much in addressing Pirtle's direct appeal. United States v. Pirtle, 333 Fed.Appx. 108, 111 (7th Cir. 2009) (Section 851(e) "prohibited [Pirtle] from challenging the validity of the 1991 conviction because it occurred more than five years earlier").

The Government argues that, because of Section 851(e)'s bar on challenges to old convictions, even if Pirtle's Section 2255 motion were timely Pirtle could not now challenge the use of his 1991 conviction to enhance his sentence. The Court agrees. Section 851(e) prohibited Pirtle from challenging his state conviction's validity at the time of his federal sentencing, and Section 851(e) would prohibit Pirtle from challenging the state conviction's validity now even if his Section 2255 motion were timely. St. Preux v. United States, 539 Fed.Appx. 946 (11th Cir. 2013) (district court did not err in finding that Section 851(e)'s five-year limitations period barred petitioner's Section 2255 motion).

Pirtle argues that Section 851(e)'s five-year bar has an exception that allows a defendant to collaterally attack a prior conviction that was obtained in violation of the right to counsel. But the exception to Section 851(e)'s five-year bar applies only when the state court <u>completely</u> deprived the defendant of the right to counsel. <u>Custis v. United States</u>, 511 U.S. 485, 493-96 (1994); <u>United States v. Gonzales</u>, 79 F.3d 413, 426-27 (5th Cir. 1996) ("Except in the limited circumstance in which the prior conviction was obtained in violation of the right to have counsel appointed, a defendant has no constitutional right to challenge prior convictions used to enhance a currently imposed sentence.") (citing <u>Custis</u>, 511 U.S. at 493-96); <u>United States v. Fernandez</u>, 871 F.Supp. 561, 564 (E.D.N.Y. 1994) ("Congress, in enacting 21 U.S.C. § 851(e), could have precluded collateral challenges to all prior convictions—whatever their age—except claims based on deprivation of counsel.") (emphasis removed).

Here, Pirtle claims not that he was denied counsel in his state court case, but rather that he received ineffective assistance from his counsel. <u>See</u> d/e 7 at 6 (alleging that Pirtle's state court lawyer "misle[]d [Pirtle] into a plea which was involuntary"). Therefore, the

exception to Section 851(e)'s five-year bar does not apply to Pirtle.

## IV. Regardless of any procedural defects, Pirtle is not entitled to relief on the merits of his claims.

Finally, even if the Court were able to reach Pirtle's arguments on the merits—as explained above, the Court cannot—Pirtle would still not be entitled to relief on the merits of his claims.

Pirtle's first argument on the merits is that his 1991 Illinois state court prosecution did not actually result in a "conviction" that could properly qualify him for a sentence enhancement.  Pirtle explains that he pleaded guilty to the state charge and received probation under 720 ILCS 570/410, a "first time offender" law under which, Pirtle says, a guilty plea is a "conviction" only if the offender does not complete his term of probation.  See 720 ILCS 570/410 ("Upon fulfillment of the terms and conditions of probation, the court shall discharge the person and dismiss the proceedings …. discharge and dismissal under this Section is not a conviction …").  Pirtle argues that, because his state case was "discharged" after he successfully completed his term of probation, his 1991 state court prosecution did not result in a "conviction" that could be used for sentence enhancement purposes.

But the Seventh Circuit has rejected Pirtle's argument. Federal law, not state law, defines what constitutes a conviction for the purposes of a sentence enhancement. United States v. Graham, 315 F.3d 777, 783 (7th Cir. 2003). Under federal law, "a sentence of probation under 720 ILCS 570/410 constitutes a conviction" for the purposes of federal sentence enhancements. Id. Therefore, even though Pirtle received (and completed) probation for his state court drug conviction, the conviction still qualified him for a sentence enhancement. Id. ("the fact that Graham received probation that was later discharged does not alter the fact that he possesses a drug-related felony conviction qualifying him for the [sentence] enhancement").

Pirtle argues that federal law defines "conviction" for the purposes of a sentence enhancement unless Congress "provides otherwise." United States v. Gomez, 24 F.3d 924, 930 (7th Cir. 1994). And Pirtle says that Congress "provided otherwise" in a 1986 amendment to the federal gun control laws. See 18 U.S.C. § 921(a)(20) ("What constitutes a conviction … shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."). But Pirtle was convicted of distributing crack, not of

violating any gun control laws.  See Gomez, 24 F.3d at 930 ("What [defendant] really wants is a declaration that a state's effort to eliminate all civil disabilities after the completion of a sentence obliterates the 'conviction' for purposes of federal law.  [But the drug law found in] Section 841(b)(1)(B) lacks any provision comparable to [the provision at issue] in § 921(a)(20), and it would be inappropriate to treat these substantially different statutes as if they had the same meaning.").  The Seventh Circuit in Graham squarely addressed Pirtle's argument and held that the defendant's sentence of probation under 720 ILCS 570/410—a sentence the defendant successfully completed—constituted a "conviction" for the purposes of a sentence enhancement.  315 F.3d at 783 ("Under federal law, a sentence of probation received according to 720 Ill. Comp. Stat. 570/410 constitutes a conviction.").

Pirtle's second argument on the merits is that, in failing to address the alleged impropriety of the sentence enhancement, Pirtle's lawyer in his federal case provided ineffective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 684-86 (1984) (Sixth Amendment guarantees criminal defendants effective assistance of counsel).  Under Strickland's familiar two-part test,

Pirtle must show both that his attorney's performance was deficient and that he was prejudiced as a result. <u>Vinyard v. United States</u>, 804 F.3d 1218, 1225 (7th Cir. 2015). But Pirtle's attorney's performance cannot have been deficient with respect to Pirtle's sentence enhancement, because as explained above the enhancement was applied properly. Likewise, the lawyer's "failure" to raise the issue cannot have prejudiced Pirtle, because raising the issue would not have yielded a different outcome. Therefore, the lawyer's performance cannot have constituted ineffective assistance.

For these reasons, the Court would reject Pirtle's arguments on the merits even if there were no procedural barriers to his Section 2255 motion.

**V.    Conclusion**

For the reasons above, the Court finds that no evidentiary hearing is warranted and DENIES Pirtle's Section 2255 motion (d/e 1) and motion for summary judgment (d/e 3). Because Pirtle has not made a substantial showing of the denial of a constitutional right, the Court also denies a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Proceedings. <u>See</u> 28 U.S.C. § 2253(c)(2).

This case is closed.

IT IS SO ORDERED.

ENTER: June 30, 2016

FOR THE COURT:             <u>s/ Sue E. Myerscough</u>
                         SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE